**REISSUED FOR PUBLICATION**

JAN 24 2022

OSM

U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 21-1587V
Filed:  December 22, 2021

```
* * * * * * * * * * * * * *
DENNIS ERICSON,                 *
                                *
              Petitioner,       *
                                *
v.                              *
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
              Respondent.       *
* * * * * * * * * * * * * *
```

Dismissal;  Measles,  Mumps,  and  Rubella ("MMR") Vaccine; Influenza ("flu") Vaccine; Chronic Inflammatory Demyelinating  Polyneuropathy ("CIDP").

*Dennis Ericson, Pro se*, West Hartford, CT, for petitioner.
*Naseem Kourosh, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION[1]

**Roth,** Special Master:

On July 19, 2021, petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program").[2] Petitioner alleged that a measles, mumps, and rubella ("MMR") vaccine received in the mid to late 1980s, influenza ("flu") vaccines received almost every year during the 1980s, 1990s, and 2000s, or tetanus boosters received every ten years caused him to develop chronic inflammatory demyelinating polyneuropathy ("CIDP"). The information in the record, however, does not show entitlement to an award under the Program.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On December 21, 2021, petitioner wrote to the Clerk of Court requesting that his case be dismissed. ECF No. 14.

To receive compensation under the Program, petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion that supports a finding of entitlement.

Further, the petition in this matter was not timely filed pursuant to 42 U.S.C. § 300aa-16(a)(1), which requires that petitions be filed within three years of the date of vaccination or first manifestation of injury. Mr. Ericson's status report filed on October 18, 2021 stated that he did not receive any vaccines in the three years prior to July 26, 2018 when he was diagnosed with CIDP.  Thereafter, during a status conference on November 15, 2018, when asked Mr. Ericson estimated that the last time he received any vaccine was probably in 2015. ECF No. 11, 13. Thus, because he had not received a vaccination of any kind in the three years preceding the onset of his CIDP in July 2018, the onset of his illness was outside any medically accepted timeframe for it to be related. An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury," nor does the record contain persuasive evidence indicating that petitioner's alleged injury was vaccine-caused or in any way vaccine-related.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that he suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof and failure to file a claim within the statutorily prescribed timeframe. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master